IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3564 |
| | § | |
| CITY OF HOUSTON, et al., | § | |
| | § | |
| Defendants, | § | |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] are Defendant City of Houston's ("City") Motion to Dismiss (Doc. 2), Defendant City's Motion for More Definite Statement (Doc. 16), and Plaintiff's Motion for Default Judgment (Doc. 31).  The court has considered the motions, the responses, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendant City's motion to dismiss be **DENIED** and Plaintiff's motion for default judgment be **DENIED**.  Defendant City's motion for more definite statement is **DENIED AS MOOT**.

### I.  Case Background

In Plaintiff's original petition, filed pro se in the 165th Judicial District of Harris County, was denominated an appeal of Defendant City's Municipal Employees' Civil Service Commission's

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 23.

("CSC") ruling upholding Plaintiff's indefinite suspension from employment, but Plaintiff referred to the City and the CSC as defendants.[2]   Therein, Plaintiff alleged that Defendant City suspended Plaintiff on April 29, 2011, stating the following reasons: 1) theft and sale of scrap metal from Defendant City projects; and 2) failure to disclose Plaintiff's complete conviction record on his initial and subsequent employment applications.[3]   Plaintiff received a hearing on May 13, 2011, before the CSC.[4]   J. Richard Hall and Joseph G. Soliz heard Plaintiff's appeal and found in Plaintiff's favor on the first issue but upheld the suspension based on the second.[5]

Plaintiff accused Defendant City of submitting "fraud[ulent], false, misleading and altered information" at the hearing regarding his employment records.[6]   Plaintiff claimed that the CSC's decision was contrary to law, that he thus was denied due process under the Fourteenth Amendment to the U.S. Constitution, and that he subsequently was defamed by Defendant City through the placement of

---

[2]    See Doc. 1-1, Ex. 1 to Def. City's Notice of Removal, Pl.'s Orig. Appeal of Def. City's CSC's Ruling Upholding Indefinite Suspension ("Pl.'s Orig. Pet.").

[3]    Id. at p. 1 (unnumbered).

[4]    Id.

[5]    Id. at pp. 1-2 (unnumbered); see also Doc. 31-2, Ex. 1 to Pl.'s Mot. for Default J., Pl.'s Aff. Dated Jan. 20, 2012.

[6]    Doc. 1-1, Ex. 1 to Def. City's Notice of Removal, Pl.'s Orig. Pet., p. 2 (unnumbered).

Defendant City's accusations in his personnel records.[7]

On September 13, 2011, a week after filing his original petition, Plaintiff amended[8] it by substituting "appellant" for "plaintiff" and "appellee" for "defendant."[9]  Two days later, Plaintiff refiled the document as an amended petition, changing the party references back to "plaintiff" and "defendant," adding a claim under the Texas Constitution, and making another minor alteration.[10]

Defendant City removed the action to this court on October 5, 2011, and almost immediately filed a motion to dismiss.[11]  The motion to dismiss, which remains pending, argues that Plaintiff failed to state a claim upon which relief may be granted for a constitutional violation because he failed to identify a municipal policy and that the court lacks subject matter jurisdiction over the defamation claim because Defendant City enjoys governmental immunity.[12]

Plaintiff responded to Defendant City's motion by filing a

---

[7]     Id. at pp. 2, 3 (unnumbered).

[8]     Plaintiff designated the second petition as a supplement.

[9]     See Doc. 1-4, Ex. 4 to Def. City's Notice of Removal, "Supplement [sic] Appellant's Ori[]ginal Appeal of City of Houston Civil Service Commissioners Ruling Upholding Indefin[i]te Suspen[s]ion."

[10]     See Doc. 1-6, Ex. 6 to Def. City's Notice of Removal, "Amended Ori[]ginal Petition to Appeal the City of Houston Civil Service Commissioners Ruling Upholding Indefin[]ite Suspen[s]ion."

[11]     See Doc. 1, Notice of Removal; Doc. 2, Def. City's Mot. to Dismiss.

[12]     Doc. 2, Def. City's Mot. to Dismiss.

3

combined opposition and second amended complaint.[13]  In opposition, Plaintiff discussed qualified immunity and cited various cases addressing 42 U.S.C. § ("Section") 1983 but failed to identify a municipal policy.[14]  With regard to his defamation claim, Plaintiff alleged that Defendant City of Houston disseminated information regarding the alleged theft of scrap metal to the Texas Workforce Commission, preventing him from receiving unemployment benefits, but Plaintiff did not discuss governmental immunity.[15]

Approximately two weeks later, Plaintiff filed a third amended complaint, in which he responded to Defendant City's original answer.[16]  The amended complaint also stated that "Defendant City of Houston Civil Service Commission for Employees of City of Houston, Attention: J. RICHARD HALL, CHAIRPERSON and JOSEPH G. SOLIZ, COMMISSIONER is now named Defendant and now named in the caption of this Third Amended [C]omplaint."[17]  Plaintiff attached several exhibits to the amended complaint but did not identify any specific cause of action to support his demand therein for two million dollars in actual damages and six million dollars in

---

[13]   See Doc. 9, Pl.'s Opposition to Def.'s Mot. to Dismiss & 2nd Am. Compl.

[14]   See id.

[15]   See id.

[16]   See Doc. 10, Pl.'s 3rd Am. Compl.

[17]   Id. at p. 2.

punitive damages.[18]  Plaintiff filed a document captioned "Proof of Service" that indicates that he emailed multiple pleadings from the case, including the third amended complaint, to omar.reid@houstontx.gov and sent via certified mail the same pleadings to J. Richard Hall and Joseph G. Soliz with Omar Reid identified as the "Contact."[19]

At that point, Defendant City filed a motion for more definite statement, which also is pending.[20]  On the very same day as Defendant City filed the motion for a more definite statement, Plaintiff filed a fourth amended complaint.[21]  In the style of the fourth amended complaint, Plaintiff listed the following defendants: "City of Houston[,] Civil Service Commission for Municipal Employees of City of Houston[,] J. Richard Hall, Chairperson and Joseph G. Soliz, Commissioner, PUblic Works and Engineering Department, and it [sic] Unknown Named Employee, et al[.]"[22]

Plaintiff reasserted a due process violation pursuant to Section 1983 and added a conspiracy claim pursuant to Section 1985 perpetrated by unknown employees of Defendant City's Public Works

---

[18]    See Doc. 10, Pl.'s 3rd Am. Compl.

[19]    See Doc. 12, Proof of Serv. Dated Nov. 8, 2011.

[20]    See Doc. 16, Def.'s Mot. for More Definite Statement.

[21]    See Doc. 17, Pl.'s 4th Am. Compl.

[22]    See id.

and Engineering Department.[23]  Asserting that Defendant City failed
to provide him notice of the use of "the falsified report of the
criminal background, he alleged the following policy of Defendant
City: "Defendant City of Houston's policy regarding providing
notice to parties in hearing [sic] and/or before hearing held
against Plaintiff, where the hearing committee used the report
falsified [sic] regarding Plaintiff [sic] prior criminal offense
denied plaintiff due process of law."[24]  Plaintiff maintained that
Defendant City committed defamation by reporting in a written
document that his indefinite suspension was based on theft of
Defendant City property.[25]

On November 28, 2011, a process server delivered a summons,
presumably with the fourth amended complaint attached,[26] to Janet
McCown[27] "accept[ing] service of process on behalf of . . . Omar,
[sic] Reid—Civil Service Commission."[28]  The summons identified
"Civil Service Commission" as the intended recipient.[29]  The court

---

[23]    See id.

[24]    Id. at p. 2.

[25]    Id.

[26]    The summons indicates that a complaint was attached, and the court
presumes it was the most recent amendment.  See Doc. 29, Summons in a Civil
Action.

[27]    According to the Proof of Service, Janet McCown is "Division
Manager." See Doc. 29, Proof of Service.

[28]    See id.

[29]    Id.

6

entered a scheduling order on December 7, 2011, and concurrently referred this action to the undersigned.[30]  The scheduling order set an amendment deadline of December 16, 2011.[31]

On January 20, 2012, Plaintiff filed a motion for default judgment against J. Richard Hall and Joseph G. Soliz.[32]  In that motion, which also remains pending, Plaintiff asserts that a default has been entered against these defendants for failure to answer or defend and that neither is in military service.[33]  Other than seeking judgment in the amount of two million dollars, Plaintiff makes no other showing.[34]

In June 2012, Defendant City filed a motion for summary judgment.[35]  Plaintiff sought and received additional time to respond, and his response is due on August 31, 2012.  The court here addresses all pending motions except Defendant City's motion for summary judgment.

## II. Analysis

Plaintiff's claims in this action have become a moving target, although his basic grievances have remained the same.  In response

---

[30]    See Doc. 22, Scheduling Order Dated Dec. 7, 2011; Doc. 23, Order Dated Dec. 7, 2011.

[31]    See Doc. 22, Scheduling Order Dated Dec. 7, 2011.

[32]    See Doc. 31, Pl.'s Mot. for Default J.

[33]    Id.  The record does not reflect that default was entered.

[34]    See id.

[35]    See Doc. 41, Defs.' Mot. for Summ. J.

7

to every challenge and on other occasions when he has decided to do so, Plaintiff has filed amendments to his complaint without regard for the requirements stated in the Federal Rules of Civil Procedure ("Rules"). Defendant City objected, on this basis, to Plaintiff's fourth amended complaint in its most recent answer.[36]

Because Plaintiff filed the latest iteration of his claims prior to the setting of a deadline for amendments, the court would have granted leave freely, had Plaintiff sought it. See Fed. R. Civ. P. 15(a)(2); cf. S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)(applying the more stringent "good cause" standard to motions for leave to amend filed after the court's amendment deadline). Based on the Rule 15 lenient standard and Plaintiff's pro se status, the court **OVERRULES** Defendant City's objection to Plaintiff's filing of a fourth amended complaint.

That said, the court is compelled to warn Plaintiff that, although the court construes pro se plaintiffs' complaints liberally, its leniency is not limitless. Cf. Price v. Porter, 351 Fed. App'x 925, 926 (5th Cir. 2009)(unpublished)(citing Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983))("We construe pro se litigants' pleadings liberally."); Hulsey v. Tex., 929 F.2d 168, 171 (5th Cir. 1991)("The district court was appropriately lenient with [the plaintiff] because of his status as a pro se

---

[36]   See Doc. 33, Def. City's Answer to Pl.'s 4th Am. Compl., p. 1 n.1.

plaintiff.").   As is apparent from Plaintiff's briefs, several points of both subtle and axiomatic principles in civil rights law escape his grasp.   The court notes this, not to criticize Plaintiff, but to emphasize that the court's role is to implement the law, regardless of the parties' interpretations or misinterpretations.   As explained by the Fifth Circuit, "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."   <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981); <u>see also</u> <u>Price</u>, 351 Fed. App'x at 926 (citing <u>Birl</u>, 660 F.2d at 593).

Plaintiff is expected from this point forward to comply with all court procedural rules, and the court will hold him to the requirements of substantive law regardless of his level of comprehension.   The deadline for amending pleadings has passed, and Plaintiff's live pleading raises federal claims under Sections 1983 and 1985 and a state claim for defamation.

With that in mind, the court addresses each of the pending motions.

## A. <u>Motions to Dismiss and for More Definite Statement</u>

Defendant City filed a motion to dismiss after removal.   At that time, Plaintiff had amended his original petition twice without changing his allegations substantively.   He alleged a violation of due process and defamation.   Defendant attacked the

federal claim[37] on the basis that Plaintiff did not assert a municipal policy[38] and the state claim on the basis of governmental immunity.

## 1.  Section 1983

In order to maintain a Section 1983[39] claim against a local government, a plaintiff must show that the local officials acted in accordance with an official policy or custom.  Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 694 (1978).  A plaintiff may not rely on the theory of respondeat superior.  Valle v. City of Houston, 613 F.3d 536, 541 (5th Cir. 2010)(citing Monell, 436 U.S. at 694), cert. denied, ___ U.S. ___, 131 S. Ct. 2094 (2011).  "Proof of municipal liability sufficient to satisfy Monell requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force'

---

[37]    When Defendant City filed its motion to dismiss, Plaintiff had not asserted a claim under Section 1985.  Defendants argue in their pending motion for summary judgment that Plaintiff cannot maintain a Section 1985 claim.  See Doc. 41, Defs.' Mot. for Summ. J., pp. 5-8.

[38]    Defendant City also noted that Plaintiff failed to mention Section 1983 as the legal basis for bringing a constitutional claim.  Plaintiff's most recent amendment cited Section 1983.  See Doc. 17, Pl.'s 4th Am. Compl.

[39]    The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

is that policy (or custom)." <u>Pineda v. City of Houston</u>, 291 F.3d 325, 328 (5th Cir. 2002); <u>see also</u> <u>Valle</u>, 613 F.3d at 541. This requirement for municipalities may be met by the existence of an actual policy, regulation, or decision or by constructive knowledge of a wide-spread custom or practice. <u>See</u> <u>Valle</u>, 613 F.3d at 541.

After the filing of Defendant City's motion, Plaintiff alleged that Defendant City had a "policy regarding providing notice to parties in hearing [sic] and/or before hearing held against Plaintiff" and that Defendant City failed to provide him notice of the use of a (falsified) report at the hearing.[40]   Although the court harbors serious concerns whether this alleged policy can withstand legal and factual analysis, the court must credit Plaintiff's allegation at this stage in the proceedings.[41]   As Defendant City's motion to dismiss is based on a failure to state any policy, it should be denied.

### 2.   Defamation

A trial court lacks subject matter jurisdiction over suits against certain local governmental units unless the State consents to suit.[42]   <u>Tex. Dep't of Parks & Wildlife v. Miranda</u>, 133 S.W.3d

---

[40]     Doc. 17, Pl.'s 4th Am. Compl., pp. 2-3.

[41]     The court notes that Defendants have challenged Plaintiff's ability to produce evidence of this alleged policy in their summary judgment motion. <u>See</u> Doc. 41, Defs.' Mot. for Summ. J., pp. 9-10.

[42]     This is known as governmental immunity, which protects state subdivisions, such as municipalities and school districts. <u>Mission Consol. Indep. Sch. Dist. v. Garcia</u>, 253 S.W.3d 653, 655 n.2 (Tex. 2008).

217, 224 (Tex. 2004).   A Texas city is a "governmental unit"
covered by the act.   Tex. Civ. Prac. & Rem. Code Ann. §
101.001(3)(B).   Texas waives immunity for a limited number of
situations as described in the Texas Tort Claims Act ("TTCA").
Tex. Civ. Prac. & Rem. Code §§ 101.001-101.109.   The statute lists
several exceptions to the waiver of sovereign immunity.   See id.
Included in the list of exceptions to the waiver are claims
"arising out of assault, battery, false imprisonment, or any other
intentional tort" committed by employees of governmental units.
Tex. Civ. Prac. & Rem. Code Ann. § 101.057.

Defendant baldly asserts that Plaintiff's only state law cause
of action, defamation, is an intentional tort for which
governmental immunity is not waived.   Plaintiff's live pleading
contains one sentence, albeit a long one, asserting defamation:

> Defendant's unknown named employees lack the evidence to
> support that plaintiff was indefinite [sic] suspended for
> taking and selling Defendant City of Houston property for
> personal gain but is now reporting through a written
> document that that was the cause for plaintiff [sic]
> indefinite suspension which is defamation character
> [sic], the gist of the allegation of theft of property is
> totally lacking in evidence and failed to support such
> said finding.[43]

As the court understands this claim, it falls within the Texas
statutory definition of libel:

> A libel is a defamation expressed in written or other
> graphic form that tends to blacken the memory of the dead
> or that tends to injure a living person's reputation and

_____
[43]   Doc. 17, Pl.'s 4th Am. Compl., p. 2.

thereby expose the person to public hatred, contempt or
ridicule, or financial injury or to impeach any person's
honesty, integrity, virtue, or reputation or to publish
the natural defects of anyone and thereby expose the
person to public hatred, ridicule, or financial injury.

Tex. Civ. Prac. & Rem. Code § 73.001.   Neither the statutory
definition of libel nor Texas law generally presumes intentional
conduct.   See id.; WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571
(Tex. 1998)(stating that defamation requires proof of "either
actual malice, if the plaintiff was a public official or public
figure, or negligence, if the plaintiff was a private individual").

Read broadly, Plaintiff pled that employees of Defendant City
reported in a written document that Plaintiff had been suspended
for stealing and selling property belonging to Defendant City, that
the information was false, and that Plaintiff's reputation suffered
as a result.   Defendant City has failed to meet its burden of
demonstrating that the claim fits within the TTCA exception to the
waiver of immunity for intentional torts.   Therefore, Plaintiff's
defamation claim should not be dismissed at this time.

### 3.  More Definite Statement

When "a pleading to which a responsive pleading is allowed .
. . is so vague or ambiguous that the party cannot reasonably
prepare a response," the court may order party who filed the
pleading to provide a more definite statement of the claims
asserted.   Fed. R. Civ. P. 12(e).

Defendant filed its motion for a more definite statement after

13

Plaintiff's third amended complaint, which essentially provided a rebuttal to Defendant City's prior answer but did not identify any affirmative cause of action or claim for relief.  Plaintiff immediately filed his fourth amended complaint, which reiterated previously asserted allegations and raised specific causes of action.  As a result, Defendant's motion for a more definite statement is moot.

**B.  Motion for Default Judgment**

Plaintiff seeks default judgment against J. Richard Hall and Joseph G. Soliz, the individual commissioners who presided over Plaintiff's CSC hearing.

Rule 55(a) allows for the entry of default as follows:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  After the entry of default, a plaintiff may request judgment based on the default.  N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).  Rule 55(b)(2) addresses default judgment entered by the court, stating that the plaintiff must apply for a default judgment.  However, before the court may consider Plaintiff's motion for default judgment, it must determine that it has personal jurisdiction over Defendants through service of process.  See Walters v. Dixon Corr. Inst., 188 Fed. App'x 232, 233 (5th Cir. 2006)(unpublished)(citing Rogers v. Hartford Life &

Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999)).

Under Rule 4(e)(2), proper service requires the delivery of a summons to the individual served, leaving a summons with a person of suitable age at the residence of the individual served, or delivery of a copy to an agent authorized to receive service on behalf of the individual served. Rule 4(e)(1) provides that service of process may also be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In addition to personal service, Texas Rule of Civil Procedure 106 permits service of process by registered or certified mail, return receipt requested. The Texas rules dictate who may serve process, prohibiting service by a party to the suit. See Tex. R. Civ. P. 103. Texas also requires that, when service of process is accomplished by registered or certified mail, the return of service "must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107. If the return receipt is not signed by the addressee, the service of process is defective. Sw. Sec. Servs., Inc. v. Gamboa, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005).

Plaintiff claims that J. Richard Hall and Joseph G. Soliz failed to answer or defend this lawsuit, but Plaintiff failed to demonstrate that either one received service of process.

15

Plaintiff's motion points to no evidence of proper service of process. The record contains two documents related to service of process. The first one, which was filed with the court in November 2011 after Plaintiff filed his third amended complaint, indicates that Plaintiff sent copies of the court pleadings to J. Richard Hall and Joseph G. Soliz via certified mail but falls short of demonstrating proper service. The second document reflects that a process server delivered a summons intended for the CSC to Janet McCown, who accepted on behalf of "Omar, [sic] Reid—Civil Service Commission."[44] Regardless of whether the service was sufficient as to the CSC, it was not addressed to or delivered to either J. Richard Hall or Joseph G. Soliz.

In light of the foregoing, the court concludes that it does not have jurisdiction over either J. Richard Hall and Joseph G. Soliz through service of process. Accordingly, Plaintiff's motion for default judgment must be denied.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant City's motion to dismiss be **DENIED** and Plaintiff's motion for default judgment be **DENIED**. Defendant City's motion for more definite statement is **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

---

[44]     See Doc. 29, Proof of Service.

16

from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>23rd</u> day of August, 2012.

Nancy K. Johnson
United States Magistrate Judge

17