**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BYRON THOMAS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-11-3564 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| *Defendants,* | § | |

**ORDER MODIFYING IN PART AND ADOPTING IN PART
MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

Pending before the court are Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation ("M&R") (Dkt. 54) , Defendant's Motion to Dismiss Plaintiff's Defamation Claim (Dkt. 49), and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 52).   Although denominated a motion to dismiss, Defendant's motion presents arguments that are better viewed as objections to the M&R.   Therefore, the court interprets the motion as objections to the M&R's conclusion that Plaintiff's defamation claim should not be dismissed.

Having reviewed all of the related briefs, the court is of the opinion that Plaintiff's objections should be OVERRULED, that Defendant's objections should be SUSTAINED with regard to Plaintiff's defamation claim, that Plaintiff's defamation claim should be dismissed, and that the M&R should be adopted in all other respects.

A district court that refers a case to a magistrate judge must review de novo any portion of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections.  *See* FED. R. CIV. P. 72(b).  Among other options, the

district court may accept, reject, or modify, in whole or in part, the proposed findings and recommendations. *See id.*

The M&R recommended that Plaintiff's motion for default judgment against J. Richard Hall ("Hall") and Joseph G. Soliz ("Soliz") be denied because Plaintiff failed to demonstrate that either one received service of process. Dkt. 46 at 15. Plaintiff objects to this recommendation, arguing that the record indicates that Plaintiff sent copies of the third amended complaint to Hall and Soliz via certified mail and that a process server delivered "a summons" to them. Dkt. 54 at 3. The magistrate judge considered the two "Proof of Service" forms (Dkts. 12, 29) filed with the court and found that neither demonstrated proper service of process. Dkt. 46 at 16. Plaintiff has offered no evidence to warrant a contrary finding.[1]

The magistrate judge recommended that the court deny Defendant's original motion to dismiss with regard to Plaintiff's defamation claim because Defendant moved for dismissal solely on the basis that the Texas Tort Claims Act[2] does not waive governmental immunity for intentional

---

[1]    As evidence to support his objections, Plaintiff indicates that the documents proving service are in the case record and also are attached to his objections as exhibits labeled "O, 1", "O, 2", and "P". Dkt. 54 at 3. However, none of the attached exhibits bears any of the labels indicated or has anything to do with service. *See* Dkt. 54 (including exhibits labeled "I, 1" through "N"). Plaintiff filed a supplement to his objections that includes exhibits labeled "Q, 1", "Q, 2", and "P". Dkt. 56. Exhibit P is a return receipt, but it does not appear to bear the signature of either Hall or Soliz. *Id.* It is, therefore, insufficient to show proper service. *See* Tex. R. Civ. P. 107(c)(requiring a return receipt with the addressee's signature for effective service of process); *Sw. Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005)(finding service of process defective when return receipt was not signed by addressee). Plaintiff also refers to a document related to service of process that "was filed with the court in [sic] November 28, 2011 after [the] third amended complaint," which he claims shows that he sent copies to Hall and Soliz via certified mail. Dkt. 56 at 3. Two documents were entered into the court record on November 28, 2011. *See* Dkts. 18, 19. The court docket sheet identifies them as a motion for extension of time and a summons, but, in fact, the two entries are two copies of Plaintiff's motion for extension of time. *See id.* Even assuming an error in docketing, the court notes that proof Plaintiff sent copies to Hall and Soliz via certified mail will not satisfy service requirements. *See* Tex. R. Civ. P. 103 (prohibiting service by a party to the suit).

[2]    Tex. Civ. Prac. & Rem. Code §§ 101.001-101.109.

torts.[3]  Looking to the Texas statutory definition of libel and the common law definition of

defamation, the magistrate judge found that neither presumes intentional conduct and concluded that

Defendant failed to demonstrate that the claim would not fit within the waiver of immunity.  Dkt.

46 at 12-13.

Defendant objects to this finding, via its second motion to dismiss, on the basis that

"defamation has been recognized as a tort for which the TTCA forecloses liability due to sovereign

immunity." Dkt. 49 at 3.  In support, Defendant cites a 1993 Fifth Circuit opinion, which stated that

defamation occurring in the course of terminating a police officer was covered by governmental

immunity and was not actionable under state law.  *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th

Cir. 1993)(quoting *Rosenstein v. City of Dallas*, 876 F.2d 392, 397 (5th Cir. 1989)).  The state

appellate decision cited in both of those federal decisions held that "[t]he hiring and firing of city

employees is . . . a governmental function" subject to immunity and that "a city is immune from suit

for libel, just as for any tort, where the alleged libel occurred in the performance of a governmental

function."  *City of Dallas v. Moreau*, 718 S.W.2d 776, 779 (Tex. App.–Corpus Christi 1986, writ

ref'd n.r.e.), *disapproved on other grounds by Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775

S.W.2d 634 (Tex. 1989).

A more recent Texas court of appeals decision flatly states that "intentional torts, such as

defamation, do not fall within the scope of the waiver of immunity under the [TTCA]."

*Leatherwood v. Prairie View A&M Univ.*, No. 01-02-01334-CV, 2004 WL 253275, at *3 (Tex.

App.–Houston [1st Dist.]  Feb. 12, 2004, no pet.)(unpublished).  The *Leatherwood* case addressed

alleged discrimination in very similar circumstances to those facing this court. *See id.* at *1.  There,

---

[3]     Tex. Civ. Prac. & Rem. Code § 101.057.

an employee of a state university alleged that a letter written by his supervisor contained defamatory statements that were written in retaliation for the employee's reporting improper conduct on the part of the university.  Id. at *1.  The court affirmed the trial court's dismissal of the defamation claim because the university enjoyed sovereign immunity that was not waived by the TTCA.[4]  Id. at *3.

The intentional tort exception to the waiver of immunity is not the only reason that Plaintiff's defamation claim cannot survive, as Defendant argues for the first time in its second motion to dismiss.  Defendant points out that the waiver of immunity itself only applies to claims involving the use of publicly owned vehicles and conditions or use of tangible personal or real property.  TEX. CIV. PRAC. & REM. CODE § 101.021.  The court agrees with Defendant that Plaintiff's allegations do not suggest that the "written document" containing the alleged defamation was, in any way, related to publicly owned vehicles or conditions or use of property.  *See Leatherwood*, 2004 WL 253275, at *2 (finding that the plaintiff did not connect an allegedly retaliatory letter to any of the areas for which Texas waives immunity); *Prairie View A&M Univ. of Tex. v. Mitchell*, 27 S.W.3d 323, 326-27 (Tex. App.–Houston [1st Dist.] 2000, pet. denied)(indicating that information, even when printed on paper, is not considered tangible personal property for which immunity is waived).  Because Plaintiff has not shown that the government has waived immunity for his defamation claim, the claim must be dismissed.

---

[4]        The *Leatherwood* decision did not distinguish the Texas Supreme Court decision cited by the magistrate judge as allowing a defamation claim to survive on proof of negligence if the plaintiff was a private individual. Dkt. 46 at 13 (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)).  However, *WFAA-TV, Inc.* did not speak to the application of the TTCA to defamation claims but was concerned with whether a member of the media was a limited-purpose public figure in a defamation suit against nongovernmental entities.  *See WFAA-TV, Inc.*, 978 S.W.2d at 569-74.  As an aside, the court notes that, in his opposition to Defendant's second motion to dismiss, Plaintiff asserts that Defendant acted with actual malice in publishing the allegedly defamatory statements.  *See* Dkt. 52 at 5.

It is, therefore, ORDERED that the Memorandum and Recommendation (Dkt. 46) is hereby MODIFIED IN PART and ADOPTED IN PART as detailed above.  Defendant's Motion to Dismiss (Dkt. 2) is GRANTED IN PART as to Plaintiff's defamation claim and is DENIED in all other respects.  Plaintiff's Motion for Default Judgment (Dkt. 31) is DENIED.  Defendant's Motion to Dismiss (Dkt. 49) is terminated as a pending motion and recast as objections, which are SUSTAINED as detailed above.

It is so ORDERED.

Signed at Houston, Texas on September 17, 2012.

_____
Gray H. Miller
United States District Judge